UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holland Koon, #227826,<br>a/k/a Robert Koon,<br>a/k/a Robert H. Koon,<br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Global Telmate,<br>Wells Fargo of Charleston,<br>S.C.D.C.,<br>Director Stirling,<br>Annie Rumler,<br>Rhodesia Taylor,<br>Major Terry,<br>M. H. Cunningham,<br>Classification Greene,<br>A/W Turner,<br>Willie Davis,<br>SCDHEC Director John Doe,<br>Motley Rice, LLC,<br>Joseph F. Rice,<br>Hood Law Firm,<br>W. Christopher Swett,<br>Elloree Ganes,<br>John Doe Law Firms,<br>　　　　　　　　　Defendants. | C/A No. 4:21-1499-SAL-TER<br><br>ORDER |

This is a civil action filed by a state prisoner, proceeding *pro se*. On May 21, 2021, in this action, the undersigned recommended that Plaintiff be denied *in forma pauperis* status because he met the three strikes provision of 28 U.S.C. § 1915(g) after *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020) and did not meet the imminent harm exception. (ECF No. 5).

Plaintiff has since filed a Motion for Recusal of the undersigned. (ECF No. 12). Plaintiff alleges one of the named Defendants in this action, Christopher Swett, an attorney, was the undersigned's former law clerk and close personal friend. Both allegations are false. Plaintiff alleges

as a reason for recusal that the undersigned appointed[1] Swett to represent Plaintiff in prior cases[2] and that such was a sham appointment. Plaintiff alleges the report and recommendation analysis reflects bias to shield Swett "for his aid and assist in sabotaging a landmark SC case of prison conditions." (ECF No. 12 at 4).

Plaintiff's Motion for Recusal is denied. (ECF No. 12). Plaintiff does not provide, and the Court is not aware of a basis for disqualification of the undersigned that would be appropriate in this matter. *See* 28 U.S.C. § 455. The undersigned is "presumed to be qualified, and there must be a substantial burden upon the affiant to show grounds for believing the contrary." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4 Cir. 1994); *see also U.S. v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."). Under the objective standard, a reasonable outside observer, aware of all the facts and circumstances of this case, would not question the undersigned's impartiality. *See id.* at 286. Plaintiff's contentions do not establish a violation requiring recusal/disqualification. "To disqualify oneself in such circumstances

---

[1] There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). Appointments of pro bono counsel are extremely rare as such appointments "should be allowed only in exceptional cases," and even then, the appointment is within the court's discretion. 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

[2] Cases referenced in the Motion for Recusal are 4:18–cv-1584 and 4:19-cv-406. In 18-1584, in June 2020, the case was dismissed without prejudice with upon good cause shown within 60 days to reinstate the action if the settlement was not consummated. In August 2020, a stipulation of dismissal with prejudice was filed. Plaintiff continued to file pro se filings in that action. In March 2021, Judge Norton granted a Motion for Settlement Enforcement, which also related to settling claims from 19-406. Judge Norton thanked Swett for his service and for his agreeing to "undertake and complete what undoubtedly was a difficult assignment." Judge Norton addressed similar allegations as Plaintiff states in the instant action regarding that Swett did not open a bank account in his name. 19-406 has a similar history; Judge Norton recently denied Plaintiff's motion to void settlement.

would be to set the price of maintaining the purity of appearance too high —it would allow litigants to exercise a negative veto over the assignment of judges." *U.S. v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)(internal citations and quotations omitted). To the extent Plaintiff alleges bias via the undersigned's analysis and recommendation of denial of *in forma pauperis* status, Plaintiff was free to note his disagreements by timely filing objections and was informed of such ability. Thus, Plaintiff's Motion for Recusal is denied.

    **IT IS SO ORDERED**.

June 17, 2021  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Plaintiff is advised that he may appeal this decision to a United States District Judge for review within 14 days.** *See Fed. R. Civ. Proc. R. 72.*