IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Robert Holland Koon,                                    Case No.: 4:21-1499-SAL

                    Plaintiff,

v.

                                                        **ORDER**

Global Telmate, *et al.*,

                    Defendants.

Plaintiff originally filed this action pursuant to 42 U.S.C.§1983 in this court on May 19,2021 [ECF No. 1.]  On January 4, 2022, Plaintiff filed a motion requesting the court transfer his case to state court, attaching pleadings that had already been filed in the Court of Common Pleas for McCormick County.  *See* [ECF No. 36.]  Plaintiff's letter was docketed as a notice of voluntarily dismissal to allow him to proceed with the case in state court.  Subsequently, Plaintiff filed letters indicating that he did not intend to voluntarily dismiss his case, but that he had made a settlement demand of $10,000 and would agree to a dismissal once his demand was approved by the court. *See* [ECF Nos. 36, 40, 42.]  This court, however, has not been informed of a joint settlement agreement between the parties.

In light of Plaintiff's representation that he did not intend to voluntarily dismiss his case, this court **GRANTS** the Plaintiff's motions, ECF Nos. 40 and 42, to the extent that they request this court construe his letter as a motion to transfer/remand rather than a voluntary dismissal. Accordingly, the court construes ECF No. 36 as a Motion to Transfer or Remand Case (the "Motion").  Because Plaintiff originally filed this 42 U.S.C. § 1983 action in federal court, the

1

court lacks authority to remand the case to state court, and the Motion is **DENIED.**  *See* 28 U.S.C. § 1446.

Additionally, the court now considers Plaintiff's objections to the May 5, 2021, Report and Recommendation of Magistrate Judge Thomas E. Rogers, III (the "Report"), ECF No. 5.  The Report, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C), recommends that Plaintiff's motion for leave to proceed in forma pauperis be denied.  *Id.*  The Report also recommends that the court grant Plaintiff fourteen days to pay the full $402 filing fee, in which event this matter can be returned to the Magistrate Judge to conduct a review of Plaintiff's complaint.  *Id.*  However, if Plaintiff fails to timely pay the $402 filing fee, or seek an extension of time to do so, the Report further recommended that his complaint be dismissed without prejudice and without issuance of service of process.  *Id.*

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

In his objections to the Report, Plaintiff alleges he has demonstrated that he is in imminent risk of physical injury because he is being "poisoned" by the ventilation system at SCDC.  [ECF No. 24-1.]  He alleges that an "excessive amount of debris," fumes, and harmful particles are blowing

directly into his cell and causing headaches. *See* [ECF No. 24 at 3; 24-1] He also refers to previous lawsuits to show a history of past assaults. *See* [ECF No. 26 at 4.] The Report considered his claims surrounding the ventilation system, among other allegations of harm, and correctly concluded that these allegations fail to establish the "imminent danger of serious physical injury" requirement of 28 U.S.C. § 1915(g). *See* [ECF No. 5 at 6 n.1]; *see also Perry v. Mills*, No. 7:07-cv-00445, 2007 WL 2821803, at *3 (W.D. Va. Sept. 27, 2007) (finding inmate's allegation that prison ventilation system blew particles into his cell and caused injury insufficient to satisfy "imminent danger" requirement of § 1915(g)). Plaintiff fails to point to a specific error in this portion of the Report or to demonstrate an "imminent danger of serious physical injury," and the court overrules his objections.

After a thorough review of the Report, the applicable law, and the record of this case, the court adopts the Report, ECF No. 5, in its entirety and incorporates it by reference herein. As a result, Plaintiff's motion to proceed in forma pauperis is **DENIED**. Plaintiff is granted fourteen days from the date of this Order to pay the filing fee of $402, and the Clerk of Court is to withhold entry of judgment until such time for payment expires. If Plaintiff timely pays the filing fee, the Clerk is directed to refer this matter back to the Magistrate Judge for further review. If Plaintiff fails to timely pay the filing fee, the Clerk is directed to dismiss the matter without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Sherri A. Lydon

April 19, 2022
Florence, South Carolina

Sherri A. Lydon
United States District Judge